**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4162**
_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

AMANDA BOULWARE, a/k/a Amanda L Manigault, a/k/a Amanda Lynn
Manigault, a/k/a Amanda Manigault-Boulware, a/k/a Amanda L
Boulware, a/k/a Amanda Manigault, a/k/a Amanda Boulware-
Manigault,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., District
Judge.  (3:09-cr-00058-JFA-1)

_____

Submitted:  July 29, 2013         Decided:  August 13, 2013

_____

Before WILKINSON, DUNCAN, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Timothy Ward Murphy, KOLB & MURPHY, Sumter, South Carolina, for
Appellant.  Tommie DeWayne Pearson, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amanda Boulware appeals the eight-month sentence she received for violating the conditions of her supervised release, which were imposed when she was sentenced for making false statements under penalty of perjury and for willfully disobeying a lawful order of a United States court. See United States v. Boulware, 604 F.3d 832, 834 (4th Cir. 2010). Boulware's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he could identify no meritorious issues for appeal, but questioning whether Boulware's sentence was plainly unreasonable.

As counsel recognizes, it was not. This court will intervene in a sentence imposed upon revocation of supervised release only if it is "plainly unreasonable" — a standard of review that is more deferential than the reasonableness review applied to original sentences imposed under the Guidelines. United States v. Moulden, 478 F.3d 652, 655-56 (4th Cir. 2007). In other words, even if we determine that the sentence imposed upon revocation is unreasonable, we must still ask "whether it is plainly so, relying on the definition of 'plain' used in our plain error analysis - that is, clear or obvious." Id. at 657 (internal quotation marks and alteration omitted).

In Boulware's case, the district court imposed a sentence that fell within the range suggested in the pertinent

2

policy statements.  We have carefully examined the record and can determine no reason to deem the district court's decision plainly unreasonable.  See id. at 658; United States v. Crudup, 461 F.3d 433, 435, 440 (4th Cir. 2006).

Boulware's supplemental pro se brief alleges that her trial and appellate counsel were both unconstitutionally ineffective for a variety of reasons.  In our view, however, the record does not "conclusively" demonstrate any such inefficacy, and we therefore decline to entertain her ineffective assistance claims at this time.  United States v. Powell, 680 F.3d 350, 359 (4th Cir. 2012), cert. denied, 133 S. Ct. 376 (2012).[*]

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the judgment of the district court. This court requires that counsel inform Boulware, in writing, of the right to petition the Supreme Court of the United States for further review.  If Boulware requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Boulware.  We dispense with oral argument because

---

[*] Claims alleging ineffective assistance of counsel are more properly asserted via a motion to vacate under 28 U.S.C.A. § 2255 (West Supp. 2013).

the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED